FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 08, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JARED ANTHONY WINTERER,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>JUDGE SCOTT R. SPARKS,<br><br>　　　　　　Respondent. | NO: 1:21-CV-03151-RMP<br><br>ORDER DISMISSING HABEAS CORPUS PETITION |

By Order filed January 3, 2022, the Court granted Petitioner Jared Anthony Winterer, a *pro se* prisoner currently housed at the Washington Corrections Center, leave to proceed *in forma pauperis*.  ECF No. 5.  In addition, the Court advised Mr. Winterer of the deficiencies of his federal habeas corpus petition received on November 17, 2021, ECF No. 1, and directed him to amend within sixty days.  ECF No. 5.

In the interim, Petitioner had presented a letter dated December 8, 2021, to the United States Court of Appeals for the Ninth Circuit, challenging perceived delays in the processing of his petition by this Court.  ECF No. 7.  This document was

1  received by this Court on February 9, 2022 and filed as a Notice of Appeal with a
2  filing date of December 16, 2021. *Id.* It appears that Petitioner's construed appeal
3  to the Court of Appeals for the Ninth Circuit is premature, as there was no final
4  appealable order in this case in December 2021. *See* 28 U.S.C. § 2253(a).
5  Therefore, this Court will proceed with this action.

6        The Court granted Mr. Winterer the opportunity to amend his federal habeas
7  corpus petition to name his present custodian as the proper Respondent. *See*
8  *Rumsfeld v. Padilla*, 542 U.S. 426, 441–42 (2004); *Stanley v. Cal. Sup. Ct.*, 21 F.3d
9  359, 360 (9th Cir. 1994; *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996).
10 He did not do so. Therefore, this Court lacks personal jurisdiction over his petition
11 *See Stanley*, 21 F.3d at 360.

12       In addition, Petitioner did not amend his federal habeas corpus petition to
13 clearly present his grounds for federal habeas relief with supporting facts as required
14 by Rule 2(c), Rules Governing Section 2254 Cases in the United States District
15 Courts. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Habeas corpus
16 petitions must meet heightened pleading requirements."). A habeas petitioner is not
17 entitled to relief on unspecified and unsupported claims. *See James v. Borg*, 24 F.3d
18 20, 26 (9th Cir. 1994) ("Conclusory allegations which are not supported by a
19 statement of specific facts do not warrant habeas relief."); *United States v. Smith*,
20 924 F.2d 889, 896 (9th Cir. 1991) ("[U]nsupported and conclusory claims are not
21 sufficient to show error.").

Furthermore, this Court cannot grant Petitioner federal habeas corpus relief because he has failed to demonstrate that he has exhausted his state court remedies. *See O'Sullivan v. Boerkel*, 526 U.S. 838, 845 (1999). Although given the opportunity to do so, Petitioner did not amend his petition to either identify his crime or demonstrate that he has exhausted his state court remedies.

Accordingly, for the reasons set forth above, and in the Order to Amend, ECF No. 5, **IT IS ORDERED** that the Petition, **ECF No. 1**, is **DISMISSED WITHOUT PREJUDICE** to Petitioner pursuing appropriate state appellate and federal habeas relief, after state court remedies have been exhausted.

**IT IS SO ORDERED**. The District Court Clerk is **DIRECTED** to enter this Order, enter judgment, provide copies to Petitioner and **CLOSE** the file. The District Court Clerk shall also provide a copy of this Order to the Court of Appeals for the Ninth Circuit. The Court certifies that an appeal from this decision could not be taken in good faith and there is no basis upon which to issue a certificate of appealability. *See* 28 U.S.C. §§ 1915(a)(3), 2253(c); Fed. R. App. P. 22(b).

**DATED** March 8, 2022.

>     *s/ Rosanna Malouf Peterson*
> ROSANNA MALOUF PETERSON
> Senior United States District Judge

ORDER DISMISSING HABEAS CORPUS PETITION -- 3